DAVID A. BOONE, ESQ., #74165
SUSAN D. SILVEIRA, ESQ. #169630
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone: (408) 291-6000
Facsimile: (408) 291-6016

ATTORNEYS FOR DEBTOR
Molly Crane

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:                                    )   Case No. 96-58807 ASW
                                          )
    MOLLY CRANE                           )   Chapter 13
                                          )
              Debtor                 )   ADVERSARY NO.
_____)
                                          )
    MOLLY CRANE                           )
                                          )
                                          )
        Plaintiff                     )
vs.                                       )
                                          )
LAURENCE J. MCEVOY, individually and      )
CLAYTON & MCEVOY, a professional          )
corporation, NEVADA COUNTY                )
SHERIFF'S OFFICE                          )
                                          )
        Defendants                    )
_____)

**COMPLAINT TO DETERMINE NATURE, EXTENT AND VALIDITY OF LIEN, AVOIDANCE OF PREFERENTIAL TRANSFER, AVOIDANCE OF JUDGMENT LIEN, VIOLATION OF DISCHARGE INJUNCTION, FOR DECLARATORY RELIEF AND MONEY DAMAGES AND SANCTIONS**

      Plaintiff, MOLLY CRANE, by and through her attorneys, the Law Offices of David A. Boone, for causes of action alleges herein:

**JURISDICTION AND VENUE**

      1.    This Court has exclusive jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157(b)(1).

1

2. Pursuant to Bankruptcy Rule 7008(a), Plaintiff states that this is a "core proceeding" over which this court has jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157(a) and (b) and 18 U.S.C. Sections 152 and 3571, Bankruptcy Rule 7001(2) and 9011.

**GENERAL ALLEGATIONS TO ALL CAUSES OF ACTION**

3. Plaintiff filed her petition for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Northern District of California on November 14, 1996 instituting bankruptcy case number 96-58807.

4. The Defendant, CLAYTON & MCEVOY, is a California corporation organized and existing under the laws of the state of California, and at all relevant times herein, doing business in California, and the County of Santa Clara, hereinafter referred to as "CM CORP".

5. The Defendant, LAURENCE MCEVOY, hereinafter simply referred to as "LAURENCE" is an individual and attorney employed by Defendant, CM CORP. Plaintiff is informed and believes and bases the allegations herein, on the fact that at all relevant times herein LAURENCE MCEVOY was employed in and resided in the County of Santa Clara, California.

6. The Defendant, NEVADA COUNTY SHERIFF'S OFFICE, is a municipality organized and operating in Nevada County, California, hereinafter simply referred to as "NEVADA COUNTY".

7. At the time of the filing of her bankruptcy case, Plaintiff owned a one-half interest in residential property more commonly known as 4777 Clydelle Avenue #3, San Jose, California.

8. Plaintiff also owned one-half interest in unimproved real property more commonly known as 10340 Martis Drive, Truckee, California located in Nevada County, California, hereinafter referred to as the "Subject Property". Said Property is now one of the remaining assets of the debtor's bankruptcy estate.

9. Defendant, CM CORP, was a listed creditor in the Plaintiff's bankruptcy case.

10. On or about February, 2, 1996, Defendants, LAURENCE and CM CORP obtained a judgment against the Plaintiff in Santa Clara County Superior Court Case No. DC94 292918 in the amount of $21, 862.61.

11. On or about February 8, 1996, Defendants, LAURENCE and CM CORP obtained an abstract of judgment for the amount of $21,862.61 which they filed with the Santa Clara County Recorder's Office and was duly recorded as document number 13433361 on September 5, 1996. This abstract of judgment was also amended on or about November 6, 1996 to reflect the debtor's correct address and was duly recorded as document number 13520343 on November 13, 1996 by the Santa Clara County Recorder's Office.

12. On or about December 13, 1996, Defendants, LAURENCE and CM CORP filed Proof of Claim Number 2 in the debtor's bankruptcy case for a secured claim of $18,671.13, attaching only the abstract of judgment and the amended abstract of judgment recorded in Santa Clara County, asserting a secured claim based on their lien on debtor's property in Santa Clara County.

13. The day before the debtor's bankruptcy was filed, an abstract of judgment was also recorded by the Nevada County Recorder's Office against the Subject Property in Nevada County as document number 9630774001. The copy of this abstract was not attached to Proof of Claim number 2 filed by Defendants, LAURENCE and CM CORP, nor was the abstract of judgment recorded in Nevada County ever amended to state the debtor's correct address. Therefore the Debtor had no actual knowledge of the existence of this lien on the Subject Property and LAURENCE and CM CORP did not disclose it in their proof of claim filing.

14. Prior to the confirmation of her plan, World Savings and Loan Association, the lender on the debtor's residential property, filed a Motion for Relief from Stay and was granted relief on July 30, 1997. The property was foreclosed. Therefore, as far as the debtor knew, the secured claim of Defendants, LAURENCE and CM CORP remained solely as an unsecured claim and it was not necessary to treat this claim as secured in her Chapter 13 plan or to avoid the lien.

15. Defendants, LAURENCE and CM CORP, were paid $933.56 as payment in full on their Proof of Claim Number 2 by the Chapter 13 Trustee in the debtor's bankruptcy case.

16. Defendants, LAURENCE and CM CORP had full knowledge that their secured

3

claim had been reduced to an unsecured claim after the Debtor lost her residential property in Santa Clara County on July 30, 1997, prior to confirmation of her Chapter 13 plan and did not amend their Proof of Claim or otherwise disclose the abstract of judgment which had been recorded in Nevada County.

17. Defendants, LAURENCE and CM CORP did not amend their Proof of Claim to include the abstract of judgment from Nevada County to assert their claim as a secured claim against the Nevada County property, although they could have done so at any time prior to the closing of the debtor's bankruptcy case.

18. On or about August 15, 2003, the Order Discharging Debtor After Chapter 13 Plan was entered and the case was subsequently closed on December 19, 2003. The effect of discharge, according to 11 U.S.C. § 524 is as follows:

"(a) A discharge in a case under this title -

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived."

19. On or about May 2, 2005, Defendants, LAURENCE and CM CORP applied for and received a Writ of Execution on their judgment previously entered on February 2, 1996 in

4

Santa Clara County Superior Court Case Number 7-94-CV-292918.

20. The Defendants, LAURENCE and CM CORP, delivered this Writ of Execution to the Defendant, NEVADA COUNTY, which was recorded by the Defendant, NEVADA COUNTY, on May 11, 2005 and then mailed to the Plaintiff on May 12, 2005.

21. Soon after May 12, 2005, Plaintiff learned that on or about November 13, 1996, Defendants, LAURENCE and CM CORP, had also issued a second abstract of judgment in regards to the judgment entered on February 2, 1996 in Santa Clara County Superior Court Case Number 7-94-CV-292918 and said abstract had been recorded on or about November 13, 1996 as document number 963077400 by the Nevada County Recorder's Office.

22. Plaintiff is informed and believes and herein alleges that the Defendant, NEVADA COUNTY, is scheduled to execute this Writ of Execution on September 9, 2005 against the Subject Property co-owned by the Plaintiff and her sister, Susan Crane in Nevada County, California.

23. The debtor valued her one-half interest in the Subject Property at $5,000.00 in her Schedule A filed in her bankruptcy case. This property was not exempted in her previously filed exemption schedule.

24. The debtor, having now been made aware of the existence of the lien of Defendant, CM CORP, is re-opening her case to deal with this newly discovered lien.

25. Defendants, LAURENCE and CM CORP have refused to cease their collection activities, despite Plaintiff's assertions that their actions constitute violations of the discharge injunction and are only possible because they filed a false claim.

26. Defendants, and each of them, acted in the scope of their authority as agents and employees of the other Defendants and with the permission and consent of their co-defendants.

27. Plaintiff prays for an award of damages for all amounts stated herein and for other amounts to be determined according to proof, including attorney's fees pursuant to 11 U.S.C.§105 and the court's inherent equitable powers.

# FIRST CAUSE OF ACTION
## (AVOIDANCE OF LIEN)
[11 U.S.C. §522(f)(1) and (2)]

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth at length.

29. Plaintiff is entitled to avoid a certain judicial lien which interferes with Plaintiff's exemption on the Property.

30. A "judicial lien" is defined as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. §101 (36).

31. An abstract of judgment has been entered by the County Recorder of Nevada County as instrument number 963077400 against the Plaintiff for the amount of $21,862.61 plus costs and any other amounts at the request of Defendants, LAURENCE and CM CORP.

32. Plaintiff is entitled to claim an exemption in the subject property under C.C.P. § 703.140(b)(5).

33. The valuation is established for the purpose of lien avoidance as of the petition date. In re Herman, 120 Bankr. 127, 130 (9th Cir. BAP 1990).

34. 11 U.S.C. § 522(f)(1) allows the Plaintiff to avoid the fixing of certain liens to the extent that such liens impair an exemption. Section 522(f)(1) states in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien of an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien . . . .11 U.S.C. § 522(f)(1).

35. 11 U.S.C. §522(f)(1)(A) determines to what extent a lien impairs an exemption.

36. As the sum of all the liens and the value of the exemption without liens exceeds the value of the Plaintiff's interest in the property in the absence of liens, the Plaintiff is entitled to avoid the judgment lien in its entirety or in such amount as the court determines in accordance

with proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## SECOND CAUSE OF ACTION
### (NATURE, EXTENT and VALIDITY OF LIEN )

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth at length.

38. Pursuant to 11 U.S.C. §506 and Bankruptcy Rule 7001, Plaintiff is entitled to a determination as to what extent and amount, if any, the judgment lien of Defendant, CM CORP remains a valid, existing secured lien on the Subject Property.

WHEREFORE Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## THIRD CAUSE OF ACTION
### (DECLARATORY RELIEF)

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth at length.

40. An actual controversy exists between the parties concerning their respective rights and duties because Plaintiff contends that Defendant's lien is invalid, illegal, avoidable and without any right and as such is of no force and effect as a lien against the Subject Property.

41. An actual controversy exists between the parties concerning their respective rights and duties because Plaintiff contends that Defendant, CM CORP, was paid through her bankruptcy case and thus is barred by the discharge injunction from any further collection activity on that Proof of Claim.

42. An actual controversy exists between the parties concerning their respective rights and duties because Plaintiff contends that the lien of Defendant, CM CORP, is void and unenforceable pursuant to 11 U.S.C. §506(d).

7

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## FOURTH CAUSE OF ACTION
## (AVOIDANCE OF PREFERENCE)
[11 U.S.C. §522(h)]

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth at length.

44. Plaintiff demands and requests that the judgment lien, document number 963077400, recorded on November 13, 1996 by the Nevada County Recorder's Office by the Defendants, LAURENCE and CM CORP be avoided as this lien constitutes a voidable transfer pursuant to 11 U.S.C.§522(h) as a preference pursuant to 11 U.S.C. §547 and which Plaintiff is entitled to avoid.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## FIFTH CAUSE OF ACTION
## (FRAUDULENT CLAIM)
[11 U.S.C. §501 and 18 U.S.C. §§152 & 3571]

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth at length.

46. Plaintiff alleges that Defendants, LAURENCE and CM CORP knowingly and fraudulently filed a Proof of Claim for $18,671.13 by attaching only the abstract of judgment recorded in Santa Clara County and purposefully excluding and or concealing the abstract of judgment recorded in Nevada County. Additionally, the amount stated on their Proof of Claim is in excess of the amount supported by the attached records which show a balance due of $17,443.00.

WHEREFORE, Plaintiff prays for judgment against the Defendants as hereinafter set forth below.

## SIXTH CAUSE OF ACTION
### (INJUNCTIVE RELIEF)

47     Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth at length.

48.    Plaintiffs seek a permanent injunction preventing the execution of the levy against the subject property of the debtor by the Defendant, NEVADA COUNTY.

49.    Plaintiff also seeks an order quashing the writ of execution obtained by Defendants, LAURENCE and CM CORP.

50.    Plaintiff also seeks a permanent injunction enjoining Defendants, LAURENCE and CM CORP from any further collection activity against the Plaintiff as all claims of Defendants, LAURENCE and CM CORP against the Debtor were paid and discharged in her bankruptcy case.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE DISCHARGE INJUNCTION OF 11 U.S.C. §524(a)
### (CIVIL CONTEMPT)

51.    Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth at length.

52.    The effect of discharge, according to 11 U.S.C. § 524 is as follows:

(a) A discharge in a case under this title -

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived."

53. Defendants, LAURENCE and CM CORP acted to violate the discharge injunction by knowingly and willfully obtaining the writ of execution in Santa Clara County Superior Court Case No.7-94-CV-292918 and delivering said writ to the Nevada County Sheriff for Execution.

54. The continued collection efforts by the Defendants represents willful and knowing violations of the discharge injunction constituting contempt. Civil contempt proceedings are recognized as the appropriate means to remedy discharge injunction violations. (See *In re Lopez*, 274 B.R. 854 (9th Cir. B.A.P. 2002) at 864, citing *Walls v. Wells Fargo Bank*, N.A., 276 F3d. 502.) The continued efforts by the Defendants, LAURENCE and CM CORP to collect against the Plaintiff and to continue to hold liens against her and her property are void acts, not merely voidable. *Schwartz v. United States*, 954 F.2d 569 (9th Cir. 1992). *In re Sedgwick*, 266 B.R. 185 (Bankr. N.D. Cal. 2001). Plaintiff is entitled to recover sanctions in the form of actual damages, costs and attorney's fees in pursuing this action and punitive damages for the Defendants' egregious conduct in violating the discharge order injunction. 11 U.S.C. §524(a)(1).

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below;

## EIGHTH CAUSE OF ACTION
### (NEGLIGENCE)

55. Paragraphs 1 through 54 are incorporated herein by reference as though fully set forth at length.

56. Defendants, LAURENCE and CM CORP owed a duty to Plaintiff to act with reasonable care in conducting themselves in accordance with the laws of the United States of

10

America, including, inter alia, the United States Bankruptcy Laws as codified in Title 11 of the United States Code and the laws of the State of California.

57. While doing the acts alleged herein, Defendants, LAURENCE and CM CORP failed to exercise reasonable care by failing to comply with the legal duty imposed upon them, and each of them, by 11 U.S.C. §524, in the form of the discharge injunction, and by applicable laws as stated herein.

58. As a proximate result of the negligence of Defendants, LAURENCE and CM CORP, Plaintiff has incurred monetary and other damages in being forced to expend a great deal of time and money in an attempt to enforce and protect her rights.

59. As a proximate result of the negligence of Defendants, LAURENCE and CM CORP, Plaintiff has suffered damages in a minimum amount believed to be in excess of $20,000.00, and further damages in an amount to be determined according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below;

### NINTH CAUSE OF ACTION
### (ABUSE OF PROCESS)

60. Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth at length.

61. The ulterior motive or purpose of Defendants, LAURENCE and CM CORP in continuing to proceed against the property of the Plaintiff was to, inter alia, harass, intimidate, and inflict emotional distress upon the Plaintiff to extort some payment, reaffirmance, or compensation when no such action by the Plaintiff was legally required or due, and such actions were intended, by design, to obtain some monetary advantage or compensation when none was properly due.

62. Defendants, LAURENCE and CM CORP, continued to proceed against the Plaintiff, obtaining the writ of execution on or about May 2, 2005 in Santa Clara County Superior

11

Court Case No. 7-94-CV-292918 with full knowledge that the amount due on this obligation was discharged in the debtor's bankruptcy case and in violation of the discharge injunction provisions of 11 U.S.C. §524.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below;

## TENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

63. Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth at length.

64. Defendants, LAURENCE and CM CORP continued the above alleged actions in deliberate and willful violation of Bankruptcy law.

65. Defendants, LAURENCE and CM CORP herein acted knowingly and unreasonably with the intent to inflict mental anguish, humiliation, and severe emotional and physical distress.

66. The conduct of Defendants, LAURENCE and CM CORP, was outrageous conduct in that Defendants blatantly ignored the orders of the bankruptcy court and bankruptcy laws which Plaintiff was relying upon to obtain relief and to begin her fresh start.

67. Additionally, the conduct of Defendants, LAURENCE and CM CORP, was outrageous in that they filed a false proof of claim and have made further false representations to the court in their opposition to the reopening of the debtor's bankruptcy case. These false representations include the claim that the abstract of judgment recorded in Nevada County had been attached to their proof of claim filed in the debtor's bankruptcy case.

68. The conduct of Defendants, LAURENCE and CM CORP, had a severe and traumatic effect on Plaintiff's emotional tranquility. As a proximate result of the acts of Defendants, LAURENCE and CM CORP, Plaintiff suffered severe physical injuries and continuing manifestations of severe emotional distress and anxiety. The acts of Defendants,

12

LAURENCE and CM CORP injured Plaintiff in mind and body.

69. As a direct and proximate result of the conduct of Defendants, LAURENCE and CM CORP, Plaintiff has suffered general damages in an amount to be determined by proof at trial.

70. The conduct of Defendants, LAURENCE and CM CORP was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below;

**ELEVENTH CAUSE OF ACTION**
**(CIVIL RIGHTS VIOLATIONS -INTERFERENCE WITH PROTECTIONS OF FEDERAL AND STATE LAW AND CONSTITUTIONALLY GUARANTEED RIGHTS)**

71. Paragraphs 1 through 70 are incorporated herein by reference as though fully set forth at length.

72. From the time of the filing of her bankruptcy petition on November 14, 1996 Plaintiff was entitled to the protections and guarantees of the United States Bankruptcy laws as embodied in the Code, Title 11 United States Code.

73. Expressly and impliedly guaranteed in said laws and constitution is that acts taken to abridge such protections and guarantees are unlawful, against public policy and such violations require compensatory and punitive damages be assessed to punish willful violations, to compensate Plaintiff for being forced to bring such actions, and to cause punitive damages to be assessed against such willful violators to prevent anyone doing anything which will injure the rights of one seeking to receive the benefits of such protections.

74. Plaintiff duly complied with all terms and conditions to receive the protection of the United States Bankruptcy Court in the above-referenced bankruptcy proceeding.

75. Defendants, LAURENCE and CM CORP, committed their acts in direct and willful violation of the discharge injunction pursuant to 11 U.S.C. §524 and of applicable Federal

13

Law as stated herein.

76. As a direct and proximate result of the wrongful conduct of Defendants, LAURENCE and CM CORP, Plaintiff has been deprived of her legal rights and protections due her.

77. As a further direct and proximate result of the wrongful conduct of Defendants, LAURENCE and CM CORP herein alleged, Plaintiff suffered damages in a sum in excess of $20,000.00, and in such further amounts to be determined according to proof at trial.

78. As a further direct and proximate result of the wrongful conduct by Defendants, LAURENCE and CM CORP as herein alleged, Plaintiff sustained emotional and mental distress and anguish, fear and mortification, all to her general damages in a sum exceeding $20,000.00.

79. The wrongful conduct of Defendants, LAURENCE and CM CORP as herein alleged was done intentionally and was malicious, oppressive, and fraudulent in nature and Plaintiff is therefore entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## TWELFTH CAUSE OF ACTION
### (ASSERTING A FALSE CLAIM AND MAKING FALSE STATEMENTS)
[18 U.S.C. §§ 152 and 157]

80. Paragraphs 1 through 79 are incorporated herein by reference as though fully set forth at length.

81. Defendants, LAURENCE and CM CORP, filed an Opposition to the Plaintiff's Ex Parte Motion to Reopen her Bankruptcy Case on or about July 20, 2005. Attached to that Opposition is a declaration signed by Defendant, LAURENCE stating as follows:

> "On December 13, 1996, Clayton & McEvoy filed a Proof of Claim as a secured and attached copies of the three recorded Abstracts of Judgment to the Proof of Claim. The copy of the Abstract of Judgment returned to Clayton & McEvoy from the Nevada County Recorder's Office was attached to the Proof of Claim."

14

This statement was made under penalty of perjury and constitutes a violation of 18 U.S.C.§152 because the abstract of judgment recorded by Defendants, LAURENCE and CM CORP in Nevada County was not attached to their Proof of Claim as evidenced by their own exhibit number 7 attached to the Request for Judicial Notice in Support of Opposition to Debtor's Ex Parte Motion to Reopen Chapter 13 case. 18 U.S.C. §152 states in relevant part:

> A person who...
> ...............
> (2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;
> (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury .....
> shall be fined under this title, imprisoned for not more than five years, or both.

82. Defendants, LAURENCE and CM CORP, also made false representations and false statements to the Santa Clara County Superior Court on Case Number 7-94-CV-292918 when applying for the Writ of Execution on May 2, 2005. In their application, Defendants, LAURENCE and CM CORP, failed to deduct the payment received on their claim in the amount of $933.56. They also appear to have included interest from the time the debtor was in her bankruptcy case. Finally, they failed to disclose that this claim had been paid in full in the debtor's bankruptcy case.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

### THIRTEENTH CAUSE OF ACTION
### (DOCTRINE OF UNCLEAN HANDS)

83. Paragraphs 1 through 82 are incorporated herein by reference as though fully set forth at length.

84. Defendants have willingly and knowingly committed the acts which constitute the numerous legal violations stated herein.

15

85. Plaintiffs assert that Defendants are barred from any claims asserted against the Plaintiff, based on the doctrine of unclean hands.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below:

### FOURTEENTH CAUSE OF ACTION
### (VOID LIEN PURSUANT TO 11 U.S.C. §506)

86. Paragraphs 1 through 85 are incorporated herein by reference as though fully set forth at length.

87. At the time of the filing of the Plaintiff's bankruptcy case on November 14, 1996, her one-half interest in the unimproved property located in Nevada County, California was $5,000.00 or such other amount in accordance with proof.

88. The Proof of Claim filed by Defendants, LAURENCE and CM CORP, was a secured claim based on the abstract of judgment recorded in Santa Clara County against the debtor's residential property. On July 30, 1997, the debtor lost her residential property in Santa Clara County when the lender was granted relief in her bankruptcy case. Thereafter, in the debtor's bankruptcy case, Defendant, CM CORP's Proof of Claim was treated and paid as an unsecured claim with the full knowledge and acquiescence of Defendants, LAURENCE and CM CORP.

89. Plaintiff now seeks a determination that the lien against the debtor's property in Nevada County was not an allowed secured claim and thus void pursuant to 11 U.S.C. §506(d).

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

### FIFTEENTH CAUSE OF ACTION
### (ACCORD AND SATISFACTION)

91. Defendants, LAURENCE and CM CORP, accepted $933.56 as payment in full on their Proof of Claim filed in the debtor's bankruptcy case which constitutes an accord and

16

satisfaction of their claim.

92. Plaintiff seeks a determination that the Defendants are barred from further collection of their claim based on the doctrine of accord and satisfaction.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

## SIXTEENTH CAUSE OF ACTION
### (WAIVER)

93. Paragraphs 1 through 92 are incorporated herein by reference as though fully set forth at length.

94. The conduct of Defendants, LAURENCE and CM CORP in failing to disclose the existence of the Nevada County lien against the Subject Property, accepting payment on their unsecured claim and taking no further collection action until more than two years after the closing of the debtor's bankruptcy case constitute a waiver of any right to any further payment on their claim.

95. Plaintiff is entitled to a determination that the conduct of Defendants, LAURENCE and CM CORP, constitutes an intentional relinquishment or abandonment of their claim and are thus estopped from any further collection activity against the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth below.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION** (Avoidance of Lien):

1. For judgment determining that any purported liens of Defendants impair the Plaintiff's exemption in the property and therefore are avoided and of no further force or effect as a lien.

**ON THE SECOND CAUSE OF ACTION** (Nature, Extent and Validity of Lien):

1. For a determination that the Defendants' judgment lien is void, invalid, avoided, cancelled and of no force and effect.

**ON THE THIRD CAUSE OF ACTION** (Declaratory Relief):

1. For judgment declaring that the liens of Defendants on the Property are void, invalid, cancelled, avoided and of no force and effect.

**ON THE FOURTH CAUSE OF ACTION** (Avoidance of Preference)

1. For judgment that the Defendants lien is voided as a preference and reduced to an unsecured claim.

**ON THE FIFTH CAUSE OF ACTION** (Fraudulent Proof of Claim)

1. For judgment nullifying the Defendants Proof of Claim.

2. For penalties as provided by 18 U.S.C. § 3571.

3. For sanctions as provided in 11 U.S. C. § 9011.

**ON THE SIXTH CAUSE OF ACTION** (Injunctive Relief)

1. Pursuant to rule 65 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7065, for a preliminary and permanent injunction enjoining the Defendants, their attorneys, agents, employees and successors from further collection activity, including any pending levies against the subject property or any other property belonging to the debtor;

2. For an Order Quashing the Writ of Execution issued in Santa Clara County Superior Court Case No. 7-94-CV-292918 on or about May 2, 2005.

**ON THE SEVENTH CAUSE OF ACTION** (Violation of Discharge Injunction-Civil Contempt)

1. For Judgment against Defendants, LAURENCE and CM CORP finding them in violation of the discharge injunction and thus subject to the court's enforcement and sanctioning powers for civil contempt pursuant to 11 U.S.C.§105;

2. For damages as pled herein, and sanctions, including attorneys fees and costs.

**ON THE EIGHTH CAUSE OF ACTION** (Negligence)

1. For judgment against Defendants;

2. For damages, attorneys fees and costs as pled herein;

**ON THE NINTH CAUSE OF ACTION** (Abuse of Process)

1. For Judgment against Defendants, LAURENCE and CM CORP finding them subject to the court's enforcement and sanctioning powers for civil contempt pursuant to 11 U.S.C.§105;

2. For damages as pled herein, and sanctions, including attorneys fees and costs.

**ON THE TENTH CAUSE OF ACTION** (Intentional Infliction of Emotional Distress)

1. For judgment against Defendants;

2. For damages, attorneys fees and costs as pled herein;

**ON THE ELEVENTH CAUSE OF ACTION** (Civil Rights Violations)

1. For Judgment against Defendants, LAURENCE and CM CORP finding them subject to the court's enforcement and sanctioning powers for civil contempt pursuant to 11 U.S.C.§105;

2. For damages as pled herein, and sanctions, including attorneys fees and costs.

**ON THE TWELFTH CAUSE OF ACTION** (False Claims and False Statements)

1. For Judgment against Defendants, LAURENCE and CM CORP;

2. For penalties and sanctions pursuant to 18 U.S.C. §§152 and 157.

**ON THE THIRTEENTH CAUSE OF ACTION** (Unclean Hands)

1. For judgment against Defendants;

2. For damages, attorneys fees and costs as pled herein;

**ON THE FOURTEENTH CAUSE OF ACTION** (Void Lien)

1. For judgment declaring that the liens of Defendants on the Property are void, invalid, cancelled, avoided and of no force and effect.

**ON THE FIFTEENTH CAUSE OF ACTION** (Accord and Satisfaction)

1. For judgment against Defendants;

2. For damages, attorneys fees and costs as pled herein;

**ON THE SIXTEENTH CAUSE OF ACTION** (WAIVER)

1. For judgment against Defendants;

2. For damages, attorneys fees and costs as pled herein;

AND

1. Other such relief the court deems just and proper.

DATED: July 28, 2005            LAW OFFICES OF DAVID A. BOONE


By:/s/ David A. Boone
ATTORNEYS FOR PLAINTIFF