DAVID A. BOONE, ESQ., #74165
SUSAN D. SILVEIRA, ESQ. #169630
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone: (408) 291-6000
Facsimile: (408) 291-6016

ATTORNEYS FOR DEBTOR
Molly Crane

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ) | Case No. 96-58807 ASW |
| ) | |
| MOLLY CRANE ) | Chapter 13 |
| ) | |
|               Debtor ) | ADVERSARY NO. 05-5444 |
| _____) | |
| ) | |
| MOLLY CRANE ) | |
| ) | |
| ) | |
|       Plaintiff ) | |
| vs. ) | |
| ) | |
| LAURENCE J. MCEVOY, individually and) | |
| CLAYTON & MCEVOY, a professional ) | |
| corporation, NEVADA COUNTY ) | |
| SHERIFF'S OFFICE ) | |
| ) | |
|       Defendants ) | |
| _____) | |

**APPLICATION FOR ISSUANCE OF TEMPORARY RESTRAINING
ORDER AS TO LEVY ON PROPERTY AND
SETTING HEARING ON PRELIMINARY INJUNCTION**

TO: THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

    1    Plaintiff was the Debtor (hereinafter referred to as "Plaintiff") in this matter and filed a complaint for injunctive relief concurrently with this Application against Defendants (hereinafter referred to as "Defendants ") and its agents, representatives and assigns. The

1

Case: 05-05444    Doc# 2    Filed: 07/29/05    Entered: 07/29/05 15:05:29    Page 1 of 6

complaint seeks declaratory, injunctive and other relief Defendants and their agents.

2. Plaintiff hereby applies for a temporary restraining order restraining Defendants, its agents, trustees, and representatives, and all persons acting in concert with it, from proceeding with any pending levy on the property of the Plaintiff which is scheduled for execution on **September 9, 2005.**

3. Plaintiff filed a Chapter 13 petition on November 14, 1996 in the United States Bankruptcy Court for the Northern District of California, instituting case no. 96-58807 ASW.

4. At the time of the filing of her bankruptcy case, Plaintiff owned a one-half interest in residential property more commonly known as 4777 Clydelle Avenue #3, San Jose, California.

5. Plaintiff also owned a one-half interest in unimproved real property more commonly known as 10340 Martis Drive, Truckee, California located in Nevada County, California, hereinafter referred to as the "Subject Property". Said Property is now one of the remaining assets of the debtor's bankruptcy estate.

6. Defendant, CLAYTON & MCEVOY (hereinafter referred to as "CM CORP"), was a listed creditor in the Plaintiff's bankruptcy case.

7. On or about February, 2, 1996, Defendants, LAURENCE MCEVOY (hereinafter referred to as "LAURENCE") and CM CORP obtained a judgment against the Plaintiff in Santa Clara County Superior Court Case No. DC94 292918 in the amount of $21, 862.61.

8. On or about February 8, 1996, Defendants, LAURENCE and CM CORP obtained an abstract of judgment for the amount of $21,862.61 which they filed with the Santa Clara County Recorder's Office and was duly recorded as document number 13433361 on September 5, 1996. This abstract of judgment was also amended on or about November 6, 1996 to reflect the debtor's correct address and was duly recorded as document number 13520343 on November 13, 1996 by the Santa Clara County Recorder's Office.

9. On or about December 13, 1996, Defendants, LAURENCE and CM CORP filed Proof of Claim Number 2 in the debtor's bankruptcy case for a secured claim of $18,671.13,

1 attaching only the abstract of judgment and the amended abstract of judgment recorded in Santa Clara County, asserting a secured claim based on their lien on debtor's property in Santa Clara County.

10. The day before the debtor's bankruptcy case was filed, an abstract of judgment was also recorded by the Nevada County Recorder's Office against the Subject Property in Nevada County as document number 963077400. The copy of this abstract was not attached to Proof of Claim number 2 filed by Defendants, LAURENCE and CM CORP, nor was the abstract of judgment recorded in Nevada County ever amended to state the debtor's correct address. Therefore the Debtor had no actual knowledge of the existence of this lien on the Subject Property and LAURENCE and CM CORP did not disclose it in their proof of claim filing.

11. Prior to the confirmation of her plan, World Savings and Loan Association, the lender on the debtor's residential property, filed a Motion for Relief from Stay and was granted relief on July 30, 1997. The property was foreclosed. Therefore, as far as the debtor knew, the secured claim of Defendants, LAURENCE and CM CORP remained solely an unsecured claim and it was not necessary to treat this claim as secured in her Chapter 13 plan or to avoid the lien.

12. Defendants, LAURENCE and CM CORP, were paid $933.56 as payment in full on their Proof of Claim Number 2 by the Chapter 13 Trustee in the debtor's bankruptcy case.

13. Defendants, LAURENCE and CM CORP had full knowledge that their secured claim had been reduced to an unsecured claim after the Debtor lost her residential property in Santa Clara County on July 30, 1997, prior to confirmation of her Chapter 13 plan and did not amend their Proof of Claim or otherwise disclose the abstract of judgment which had been recorded in Nevada County.

14. Defendants, LAURENCE and CM CORP did not amend their Proof of Claim to include the abstract of judgment from Nevada County to assert their claim as a secured claim against the Nevada property, although they could have done so at any time prior to the closing of the debtor's bankruptcy case.

15. On or about August 15, 2003, the Order Discharging Debtor After Chapter 13 Plan was entered and the case was subsequently closed on December 19, 2003.

16. On or about May 2, 2005, Defendants, LAURENCE and CM CORP applied for and received a Writ of Execution on their judgment previously entered on February 2, 1996 in Santa Clara County Superior Court Case Number 7-94-CV-292918.

17. The Defendants, LAURENCE and CM CORP, delivered this Writ of Execution to the Defendant, NEVADA COUNTY SHERIFF'S OFFICE (hereinafter referred to as NEVADA COUNTY), which was recorded by the Defendant, NEVADA COUNTY, on May 11, 2005 and then mailed to the Plaintiff on May 12, 2005.

18. Soon after May 12, 2005, Plaintiff learned that on or about November 13, 1996, Defendants, LAURENCE and CM CORP, had also issued a second abstract of judgment in regards to the judgment entered on February 2, 1996 in Santa Clara County Superior Court Case Number 7-94-CV-292918 and said abstract had been recorded on or about November 13, 1996 as document number 963077400 by the Nevada County Recorder's Office.

19. Plaintiff is informed and believes and that the Defendant, NEVADA COUNTY, is scheduled to execute this Writ of Execution on September 9, 2005 against the Subject Property co-owned by the Plaintiff and her sister, Susan Crane in Nevada County, California.

20. The debtor valued her one-half interest in the Subject Property at $5,000.00 in her Schedule A filed in her bankruptcy case. This property was not exempted in her previously filed exemption schedule.

21. The debtor, having now been made aware of the existence of the lien of Defendant, CM CORP, is re-opening her case to deal with this newly discovered lien.

22. Defendants, LAURENCE and CM CORP have refused to cease their collection activities, despite Plaintiff's warnings that their actions constitute violations of the discharge injunction and are only possible because they filed a false claim.

23. Plaintiff seeks to enjoin Defendants from proceeding with the pending levy on the

Case: 05-05444    Doc# 2    Filed: 07/29/05    Entered: 07/29/05 15:05:29    Page 4 of 6

subject property on September 9, 2005 as the subject property is the primary remaining asset from the debtor's bankruptcy estate.

24. Defendants will not be significantly harmed if prevented from executing the levy against the subject property as the likely outcome of the pending adversary proceeding is that their lien will be voided and of no force and effect against the subject property

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GRANTING A TEMPORARY RESTRAINING ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065**

**1. PLAINTIFFS MEET THE CRITERIA FOR THE GRANTING OF A PRELIMINARY INJUNCTION**

In the Ninth Circuit the standard for granting a preliminary injunction is settled. "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." Miss World Limited v. Mrs. America Pageants, 856 F.2d 1445, (9th Cir. 1988) These are not two distinct tests, but rather the opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness. Ibid.

In the instant case, Plaintiff stands to lose a valuable and necessary asset. The subject property is her only asset of value. Additionally, she is a co-owner of the subject property with her sister, Susan Crane and that interest will be impaired if the Notice of Levy is executed. The Debtor will suffer irreparable injury if Defendants are allowed to levy against the subject property because in order to execute the levy, the debtor will lose her interest in the property forever.

Plaintiff has filed an adversary proceeding to void the lien of Defendant, CM CORP, as an impairment of her exemption and as a preference. Additionally, the claim of CM CORP was paid in the debtor's bankruptcy case and continued collection efforts on that claim are barred by the discharge injunction obtained in Plaintiff's bankruptcy case in March of 2003. Defendants,

5

LAURENCE and CM CORP filed a false proof of claim in the debtor's bankruptcy case by not attaching the lien they held against the Debtor's Nevada County property to their Proof of Claim. When the lender on the debtor's residential property in Santa Clara County obtained relief prior to the confirmation of the debtor's Chapter 13 Plan, Defendant, CM CORP purposely evaded disclosure of their lien on the Nevada County property because it would have been avoided in the debtor's bankruptcy case.

With the balance of hardships as outlined above tipping in favor of the Plaintiff, the plaintiff should clearly prevail in obtaining the requested temporary restraining order. Furthermore, Defendants should not be allowed to profit from their wrongdoing and the injunction should remain in effect for the duration of the Plaintiff's adversary case.

WHEREFORE, Plaintiff prays that this Court issue a Temporary Restraining Order restraining Defendants, their agents, assigns, trustees and representatives and all persons acting in concert with them, from levying against and disposing of the subject property.

DATED: July 27, 2005         LAW OFFICES OF DAVID A. BOONE

By:/s/ David A. Boone
ATTORNEYS FOR PLAINTIFF