DAVID A. BOONE, ESQ., #74165
SUSAN D. SILVEIRA, ESQ. #169630
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone: (408) 291-6000
Facsimile: (408) 291-6016

ATTORNEYS FOR DEBTOR
Molly Crane

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:                                    ) Case No. 96-58807 ASW
                                          )
    MOLLY CRANE                          ) Chapter 13
                                          )
               Debtor            ) ADVERSARY NO. 05-5444
_____)
                                          )
    MOLLY CRANE                          )
                                          )
                                          )
      Plaintiff                         )
vs.                                       )
                                          )
LAURENCE J. MCEVOY, individually and      )
CLAYTON & MCEVOY, a professional          )
corporation, NEVADA COUNTY                )
SHERIFF'S OFFICE                          )
                                          )
      Defendants                        )
_____)

**DECLARATION OF MOLLY CRANE IN SUPPORT OF
APPLICATION FOR ISSUANCE OF TEMPORARY RESTRAINING
ORDER AS TO LEVY ON PROPERTY**

     I, MOLLY CRANE, declare as follows:

     1.    I am the Plaintiff in the above-entitled adversary proceeding. The matters set forth herein are based upon my personal knowledge, except for those matters set forth on information and belief, and if called as a witness I could and would testify competently thereto.

1

1. I was the Debtor in bankruptcy case number 96-58807, which was filed in the Northern District of California for Chapter 13 relief on November 14, 1996. I have filed a complaint for injunctive relief concurrently with this Application against the above-named defendants and their agents, representatives and assigns. The complaint seeks declaratory, injunctive and other relief against Defendants and their agents.

2. At the time of the filing of my bankruptcy case, I owned a one-half interest in residential property in Santa Clara County more commonly known as 4777 Clydelle Avenue #3, San Jose, California.

3. I also owned a one-half interest in unimproved real property more commonly known as 10340 Martis Drive, Truckee, California located in Nevada County, California, hereinafter referred to as the "Subject Property". Said Property is now one of the most valuable of the remaining assets of my bankruptcy estate.

4. Defendant, CLAYTON & MCEVOY (hereinafter referred to as "CM CORP", was a listed creditor in my bankruptcy case.

5. On or about February, 2, 1996, Defendants, LAURENCE MCEVOY (hereinafter referred to as "LAURENCE") and CM CORP obtained a judgment against me in Santa Clara County Superior Court Case No. DC94 292918 in the amount of $21, 862.61.

6. On or about February 8, 1996, Defendants, LAURENCE and CM CORP obtained an abstract of judgment for the amount of $21,862.61 which they filed with the Santa Clara County Recorder's Office and was duly recorded as document number 13433361 on September 5, 1996. This abstract of judgment was also amended on or about November 6, 1996 to reflect my correct address and was duly recorded as document number 13520343 on November 13, 1996 by the Santa Clara County Recorder's Office.

7. On or about December 13, 1996, Defendants, LAURENCE and CM CORP filed Proof of Claim Number 2 in my bankruptcy case for a secured claim of $18,671.13, attaching only the abstract of judgment and the amended abstract of judgment recorded in Santa Clara

1    County, asserting a secured claim based on their lien on my property in Santa Clara County.

2        8.    The day before my bankruptcy case was filed, an abstract of judgment was also
3    recorded by the Nevada County Recorder's Office against my property in Nevada County as
4    document number 96307740.  A copy of this abstract was not attached to Proof of Claim number
5    2 filed by Defendants, LAURENCE and CM CORP, nor was the abstract of judgment recorded
6    in Nevada County ever amended to state my correct address.  Therefore I had no actual
7    knowledge of the existence of this lien on my property either before or during my bankruptcy
8    case.  I did not receive any lien notice from Nevada County on or about the time the lien was
9    recorded in November of 1996.

10       9.    Prior to the confirmation of my Chapter 13 plan, World Savings and Loan
11   Association, the lender on the my residential property in Santa Clara County, filed a Motion for
12   Relief from Stay and was granted relief on July 30, 1997.  The property was foreclosed.
13   Therefore, as far as I knew, the secured claim of Defendants, LAURENCE and CM CORP
14   remained solely an unsecured claim and it was not necessary to treat this claim as secured in my
15   Chapter 13 plan or to avoid the lien.

16       12.   Defendants, LAURENCE and CM CORP, were paid $933.56 as payment in full
17   on their Proof of Claim Number 2 by the Chapter 13 Trustee in my bankruptcy case.

18       13.   Defendants, LAURENCE and CM CORP must have known that their secured
19   claim had been reduced to an unsecured claim after I lost the residential property in Santa Clara
20   County on July 30, 1997, prior to confirmation of my Chapter 13 plan and did not amend their
21   Proof of Claim or otherwise disclose  the abstract of judgment which had been recorded in
22   Nevada County.

23       14.   Defendants, LAURENCE and CM CORP did not amend their Proof of Claim to
24   include the abstract of judgment from Nevada County to assert their claim as a secured claim
25   against my property in Nevada County, although they could have done so at any time prior to the
26   closing of my bankruptcy case.

27

15. On or about August 15, 2003, the Order Discharging Debtor After Chapter 13 Plan was entered and the my bankruptcy case was subsequently closed on December 19, 2003.

16. On or about May 2, 2005, Defendants, LAURENCE and CM CORP applied for and received a Writ of Execution on their judgment previously entered on February 2, 1996 in Santa Clara County Superior Court Case Number 7-94-CV-292918.

17. The Defendants, LAURENCE and CM CORP, delivered this Writ of Execution to the Defendant, NEVADA COUNTY, which was recorded by the Defendant, NEVADA COUNTY, on May 11, 2005 and then mailed to me on or about May 12, 2005.

18. Soon after May 12, 2005, I received this notice and learned that on or about November 13, 1996, Defendants, LAURENCE and CM CORP, had also been issued a second abstract of judgment in regards to the judgment entered on February 2, 1996 in Santa Clara County Superior Court Case Number 7-94-CV-292918 and said abstract had been recorded on or about November 13, 1996 as document number 963077400 by the Nevada County Recorder's Office.

19. I am informed and believe that the Defendant, NEVADA COUNTY, is scheduled to execute this Writ of Execution on September 9, 2005 against my property in Nevada County which I co-own with my sister, Susan Crane.

20. I valued my one-half interest in the Subject Property at $5,000.00 in my Schedule A filed in my bankruptcy case. This property was not exempted in my previously filed exemption schedule.

21. Now that I am aware of the existence of this previously undisclosed lien, I intend to amend my Schedule C to include an exemption for the full value of my one-half interest in the Nevada County property.

22. Defendants, LAURENCE and CM CORP have refused to cease their collection activities, despite letters sent by my attorney warning that their actions constitute violations of the discharge injunction and requesting that they cease further collection activity.

23. I seek to enjoin Defendants from proceeding with the pending levy on the subject property on September 9, 2005 as the subject property is my primary remaining asset from my bankruptcy estate.

24. Defendants will not be significantly harmed if prevented from executing the levy against the subject property as the likely outcome of the pending adversary proceeding is that their lien will be voided and of no force and effect against the subject property

25. If the levy against my Nevada County property is executed, I will lose a valuable, irreplaceable asset forever.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 29th day of July, 2005, in San Jose, California.

/s/Molly Crane

5